HAWTHORNE, Justice.
This is a suit to recover damages for faulty construction of the foundation of a house. Plaintiffs, Mr. and Mrs. Robert Toca, alleged that in the latter part of 1948 they entered into a verbal agreement with Means, Thompson & Whitty, Inc. (now Thompson & Whitty, Inc.), a Louisi *336 ana corporation, to construct for them a foundation for a home which they were erecting in New Orleans, the work to be done in accordance with their plans and specifications for the price of $618. They alleged that upon the completion of the' foundation they proceeded with the erection of their home, but that soon after completion of the house long, wide cracks appeared in the brick walls extending through the entire depth thereof, and that these cracks were caused by the defective work of the defendant corporation in constructing the foundation contrary to the plans in certain details as set forth in their petition. They alleged that the cost of repairing the damage to their home would be not less than $10,000, and they prayed for this amount.
Plaintiffs further alleged that defendants T. P. Thompson and S. K. Whitty, who were officers of the corporation, were present from time to time when the foundation was under construction and were aware of the defective manner in which the work was done contrary to the plans, and that because of their guilty knowledge and the fraud perpetrated by them they are liable in solido with the corporation.
After trial on the merits there was judgment rejecting plaintiffs’ demands against T. P. Thompson and S. K. Whitty and dismissing the suit as of nonsuit against the defendant corporation, Thompson & Whitty, Inc. From this judgment plaintiffs have appealed.
Mr. and Mrs. Toca, the plaintiffs, did not employ a general contractor to- construct their home, but let contracts to various firms and individuals for each phase-of the work as it progressed to- be carried out according to plans and specifications which had been prepared for them. These plaintiffs, however, did employ a supervisor named Sprague, who watched the laying of the foundation and reported to Mrs.'Toca when it was completed. The plaintiffs did not call Sprague as a witness, and he did not testify in the case.
To recover in the instant case, plaintiffs -rely principally on the testimony of an architect called by them as an expert, who testified that the foundation had not been laid according to the plans and specifications in certain particulars which he enumerated, and testified that the cracks in the walls were caused by the failure of the defendant corporation to comply in these respects with the plans and specifications.
The evidence discloses that there was a settlement of only three-eighths of an inch in the foundation, and that there were no ruptures or cracks in the foundation or grade beam, and according to defendants’ expert as much as a three-inch variation in the level of a house is absolutely negligible as a cause for cracking or structural damage to the house. Defendants’ expert, whose testimony impresses us, testified that the dwelling which the plaintiffs built on the foundation constructed for them by the defendant was not built in *338 accordance with the plans and specifications and due to this fact was structurally unsound, and that because of the manner of its construction movement could be expected of the building in any direction, which would cause cracks in the walls such as there are in plaintiffs’ house. This witness testified that the cracks in plaintiffs’ walls were not caused by any fault in the foundation itself. Plaintiffs’ own expert conceded that the dwelling was not built in accordance with the plans and according to good building practice, and both of these witnesses specified numerous items of construction which they did not consider to be good building practice. Under these circumstances we do not think that plaintiffs have established their case by a preponderance of the evidence against the defendant corporation. The trial judge entered a nonsuit as to the corporation, and, since it did not appeal, this judgment will be affirmed.
Since we have concluded that plaintiffs have not made out a case against the defendant corporation, it naturally follows that there 'is no individual liability on the part of the officers of the corporation, T. P. Thompson and S. K. Whitty, and the judgment dismissing the suit as to them will be affirmed.
For the reasons assigned, the judgment appealed from is affirmed, appellants to pay all costs.